### Manuel Cruzat v. John Davis.

The office of Coroner is held for a term of four years. Act 1 March, 1827, s. 1.

Appeal from the District Court of the First District, *Buchanan, J.*

*Buisson, Benjamin* and *Roselius*, for the appellant.

*T. Slidell*, and *Preston*, Attorney General, for the defendant.

Martin, J. The plaintiff is appellant from a judgment rejecting his claim to the office of coroner, of which the defendant is in possession. He produced a commission from the Governor, appointing him, with the advice and consent of the Senate, bearing date April 2d, 1835, in which the tenure of the office is not stated. The defendant has a like commission, bearing date the 16th of February, 1844.

The first law relating to the coroner is an act of the Legislative Council of the Territory of the year 1805, under which the tenure of the office is at the will and pleasure of the Governor for the time being.

In lieu of that officer, in the year 1807, a parish judge, appointed for four years, was to act as coroner. Statutes of 1807, page 14, section 10.

In 1808 (page 8), the Governor was authorized to appoint a coroner.

During the territorial government, offices, the tenures of which were not fixed by law, were held during the will and pleasure of the Governor. Under the State government, in 1814, (B. and C.'s digest, page 170, No. 3) the Governor was directed to ap-

Cruzat v. Davis.

point a coroner for each parish. By the act of 1827 (B. and C.'s Digest, p. 781, No. 21), the coroner is directed, *after the expiration of his term of service*, to continue to perform the duties of his office until his successor, or himself, *in case of re-appointment*, shall be inducted into office.

Offices for life were never known to the laws of the Territory, nor of the State ; and the tenure during good behaviour, in our jurisprudence, appertains only to offices to which it is given by the constitution or law. The Legislature was directed by the 8th section of the 6th article of the Constitution to determine the time of duration of the several public officers, when such time had not been fixed by that instrument.

We have the authority of the Legislature, in the year 1827, that the office of coroner is holden during a *term*. This repels the presumption that it is held during life or good behaviour, for the act speaks of the re-appointment of the incumbent, after his term of service has expired, which precludes the idea of a tenure for life, or during good behaviour, because, if the office expired by death, there could be no possibility of a re-appointment, and if it did by breach of official good behaviour, the re-appointment would be impossible, and extrememely improbable in case of a removal by an address of two-thirds of the members of both houses.

Assuming then that the Legislature considers the injunction of the Constitution in the article 6th above cited, as virtually complied with, we conclude that the office of coroner is now holden under a *term*, and that four years is the longest period which we can recognise.

The plaintiff's commission expired in 1839, and there is no evidence of his re-appointment. The defendant's commission bears date on a day on which it does not appear that the office was filled.

*Judgment affirmed.*